**FILED**
APR 1 5 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JASON HOSEA,

Plaintiff,

v.

MICHAEL M. MIHM,

Defendant.

Case: 1:15-cv-00561 Jury Demand
Assigned To : Unassigned
Assign. Date : 4/15/2015
Description: Pro Se Gen. Civil (F Deck)

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

It appears that plaintiff has filed several civil actions in the United States District Court for the Central District of Illinois, certain of which were assigned to The Hon. Michael M. Mihm. Because Judge Mihm allegedly mishandled these matters, plaintiff alleges that Judge Mihm not only acted "intentionally with wreckless [sic] disregard and with full disobedience of the law set aside his judicial obligation for the truth," but also "failed to fulfilled [sic] his obligation of impartiality," and thus violates rights protected under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to the United States constitution." Compl.at 9 (page number designated by the Court). Plaintiff demands damages of $250 million and review of the cases that had been assigned to Judge Mihm. *Id.*

Judge Mihm enjoys absolute immunity from liability for damages for acts taken in his judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Forrester v. White*, 484 U.S. 219, 226-27 (1988) (discussing "purposes served by judicial immunity from liability in



3

damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L. Ed. 646 (1872)."). Moreover, this federal district court has no authority to review the decisions of another district court. *See, e.g., Fisch v. U.S. Gov't*, No. 13–2038, 2013 WL 7095043, at *1 (D.D.C. Dec. 20, 2013) (dismissing complaint which "takes issue with court rulings and proceedings held in the federal courts in New York" for lack of jurisdiction), *appeal dismissed*, No. 14-5027 (D.C. Cir. Aug. 4, 2014); *Kissi v. United States*, No. 12–1765, 2012 WL 5382898, at *1 (D.D.C. Oct. 31, 2012) (dismissing complaint seeking review of rulings of United States District Court for the District of Maryland); *see also* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions).

Accordingly, the Court will dismiss this action with prejudice, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). An Order consistent with this Memorandum Opinion is issued separately.

DATE: 4/10/15

Amit Mehta
United States District Judge